```
            UNITED STATES BANKRUPTCY COURT
          MIDDLE DISTRICT OF NORTH CAROLINA
                    DURHAM DIVISION
```

IN RE:                           )
                                 )
Richard Scott Aydelotte and      )    Case No. 09-81525C-7D
Elena Victorianna Aydelotte,     )
                                 )
          Debtors.               )
                                 )

## OPINION AND ORDER

This case came before the court on December 22, 2009, pursuant to section 524 of the Bankruptcy Code, for consideration of a reaffirmation agreement between the Debtors and Southeast Toyota Finance ("Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Michael J. McCrann appeared on behalf of the Debtors.

The reaffirmation agreement pertains to a debt in the amount of $7,159.47 which is secured by a motor vehicle. The reaffirmation agreement was filed with the court on November 30, 2009, and was therefore not filed with the court within sixty (60) days after the first date set for the section 341 meeting of creditors as required by Bankruptcy Rule 4008(a). The Debtors filed their bankruptcy petition on September 2, 2009, and on the same date filed their statement of intentions indicating that they intended to retain the motor vehicle and reaffirm the debt with the Creditor. The Debtors and their counsel signed the agreement and returned it to the lender well before the expiration of the 60-day

period specified in Rule 4008(a), but the agreement nonetheless was not filed by the Creditor until after the expiration of the 60-day period.

Upon reviewing the agreement, the record in this case, and the matters presented at the hearing, the court finds that the Debtors properly filed their statement of intention indicating that they wanted to reaffirm the debt, as required by section 524(c), and further, the Debtors signed the reaffirmation agreement and took all reasonable steps to perform their intention to reaffirm pursuant to section 521(a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtors and the Creditor, filed on November 30, 2009, is stricken and will not be approved by the court as the reaffirmation agreement was not filed with the court within sixty (60) days, as required by Bankruptcy Rule 4008(a). Further, since the Debtors timely complied with the requirements of section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, and were not responsible for the failure to file the reaffirmation agreement within the time allowed under Rule 4008(a), the court adjudges that (1) the automatic stay remains in effect, (2) the motor vehicle referred to in the agreement remains property of the estate pursuant to section 362(h)(1)(B), and (3) any ipso facto clause in the security agreement or other document signed by the Debtors remain

ineffectual, as provisions of section 521(d) that would give it effect have not been met, so long as the Debtors remain current in their payments on the property.  See <u>Coastal Federal Credit Union v. Hardiman</u>, 398 B.R. 161, 189 (E.D.N.C. 2008); <u>In re Husain</u>, 364 B.R. 211 219 (Bankr. E.D. Va. 2007); <u>In re Hinson</u>, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

This 23rd day of December, 2009.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge